# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT W. BARROCA,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 17-cv-1570 (APM) |
| ) | |
| **JEFFERSON B. SESSIONS, III, et al.,** ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

Petitioner Robert W. Barroca urges the court to reconsider its decision to transfer this matter to the United States District Court for the Central District of California. For the reasons discussed below, the court recognizes that it departed from binding D.C. Circuit precedent by transferring the matter sua sponte without first providing Petition an opportunity to be heard in this court. Accordingly, the court treats Petitioner's "Motion to Stay," which is presently before the court for review, as a motion for reconsideration, which allows Petitioner an opportunity to be heard. After thoroughly reviewing Petitioner's Motion, however, the court once again finds that this District is not the proper forum in which to hear Petitioner's claim. Accordingly, the court denies Petitioner's Motion and transfers this case to the United States District Court for the Central District of California.

I

On September 4, 2017, the court sua sponte transferred the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 to the United States District Court for the Central District of California. In its Transfer Order, the court explained that Petitioner had incorrectly named the Attorney General and Acting Director of the Federal Bureau of Prisons, rather than the warden of

the prison facility in which he is being held, as the respondent to his petition. *See* Transfer Order, ECF No. 2.[1] Because Petitioner is an inmate at the Victorville Medium II Federal Correctional Institution in Adelanto, California, the court held that the proper respondent in this matter is the Warden of the Victorville facility and, accordingly, ordered the case transferred to the Central District of California. *Id.*

Before this matter could be transferred, Petitioner filed both a "Motion to Stay" and a Notice of Appeal. In his Motion to Stay, Petitioner contends that the court's sua sponte transfer of the Petition was error. Specifically, he maintains that he has not challenged "his present physical confinement or its lawfulness thereof, he is challenging the incorrect calculation by the Attorney General of his sentence." Pet.'s Mot. to Stay, ECF No. 3 [hereinafter Pet.'s Mot.], at 4. Such a challenge, he maintains, is properly brought against the Attorney General in this District. *Id.* Additionally, Plaintiff asserts that the court's transfer of the Petition without allowing him an opportunity to be heard was itself improper. *Id.* at 5–6. Notwithstanding his filing of a Notice of Appeal, Petitioner asks the court to reconsider and vacate its Transfer Order.[2] *See id.* at 2–3, 7; Notice of Appeal, ECF No. 4.

II

Certain requirements of habeas petitions are well settled. If an inmate wishes to challenge the length of his confinement, then the inmate must file a habeas petition. *See White v. Bowie*, 194 F.3d 175, 1999 WL 187769, at *1 (D.C. Cir. 1999) (per curiam) (stating that inmate could

---

[1] The court's Transfer Order did not mention that Petitioner also named the Acting Director of the Federal Bureau of Prisons, as a respondent in this matter. *See* Transfer Order, ECF No. 2. For the reasons articulated at greater length below, however, Petitioner's inclusion of the Acting Director of the Federal Bureau of Prisons as a respondent does not make this court the appropriate forum to hear the case. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

[2] Because Petitioner seeks reconsideration of the Transfer Order, this court may resolve the Motion to Stay notwithstanding Plaintiff's filing of a notice of appeal. *Cf. Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991) (permitting the district court to consider a motion for reconsideration filed under Rule 60(b) of the Federal Rules of Civil Procedure while the appellate court simultaneously considers the case on appeal).

"challeng[e] the computation of his sentence" under 28 U.S.C. § 2241 "in an appropriate forum"); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998); *Crawford v. Barry*, No. 95-7073, 1996 WL 734096, at *2 (D.C. Cir. 1996) (per curiam) (treating appellant's challenge to "the calculation of his sentence" as a request for habeas relief); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809 (D.C. Cir. 1988) (en banc) (holding that challenge to parole eligibility date must be brought as a habeas petition); *see also Alston v. United States*, 590 A.2d 511, 514–15 (D.C. 1991) (holding that D.C. Code offender incarcerated in California and challenging sentencing computation could seek redress in the "proper court in California"); 16A STACY L. DAVIS, ET AL., FED. PROC. § 41:137 (L. Ed. 2017) ("A claim for credit against the sentence attacks the computation and execution of the sentence rather than the sentence itself, and review by way of habeas corpus must therefore be sought in the district of confinement rather than in the sentencing court."). That rule applies even when the prisoner "is not laying claim to immediate release or release in the near future." *Chatman-Bey*, 864 F.2d at 809. Additionally, any habeas challenge to a prisoner's present physical confinement must name as the respondent "the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

III

This court concludes, again, that Petitioner's case is not in the proper forum. Petitioner asserts that the Bureau of Prisons has wrongly calculated the time remaining on his sentence because the Bureau has run his sentences on two separate convictions consecutively, as opposed to concurrently, thereby illegally increasing the length of his sentence. *See* Pet., ECF No. 1, at 13. Such a claim is a challenge to the conditions of Petitioner's confinement. *See White*, 1999 WL 187769, at *1. Thus, Petitioner's claim must be brought (1) as a habeas petition that (2) names as the respondent the warden of the prison in which Petitioner is housed. *See Rumsfeld*, 542 U.S. at

3

435; *Chatman-Bey*, 864 F.2d at 809. Plaintiff has done the former, but not the latter. Although Petitioner properly asserts his claim in the form of a petition for a writ of habeas corpus, he brings his Petition both against the wrong parties (the Attorney General and Acting Director of the Federal Bureau of Prisons) and in the wrong jurisdiction (the District of Columbia). The proper respondent in this case is the Warden of the Victorville prison facility. *See Rumsfeld*, 542 U.S. at 435. The court does not have personal jurisdiction over that individual because the Victorville prison facility is not located in the District of Columbia. *See Chatman-Bey*, 864 F.2d at 810. Therefore, the court correctly decided in its Transfer Order that this District is not the proper forum to hear Petitioner's Writ.

It also was proper for the court to order the transfer of this matter sua sponte. In *Chatman-Bey*, the D.C. Circuit held that a district court may sua sponte transfer a habeas petition "to the jurisdiction of confinement." *Id.* at 814–15. That is precisely what the court did here—it ordered that the case be transferred to the federal district court that has jurisdiction over the Warden of the Victorville facility, which is the District Court for the Central District of California. The court, therefore, did not make an error in sending this case to another District.

The court, however, did err in one respect. Contrary to the D.C. Circuit's direction in *Chatman-Bey*, the court failed to issue an order to show cause before it sua sponte transferred Petitioner's case. *Id.* The court should have given Petitioner an opportunity to be heard in this District prior to transferring the case to another District. Remedying that procedural error at this juncture, however, would be futile because Petitioner's assertion that he filed his Petition in the proper jurisdiction is squarely foreclosed by Circuit precedent. Therefore, issuing an order to show cause now only would delay the inevitable transfer order that would follow. Thus, the court acknowledges its error but declines to needlessly prolong these proceedings.

4

IV

Accordingly, because the proper respondent in this matter is the Warden of the Victorville Medium II Federal Correctional Institution in Adelanto, California, the court properly transferred this matter sua sponte to the United States District Court for the Central District of California.

Petitioner's Motion is denied. A separate order accompanies this Memorandum Opinion.

Dated: October 24, 2017

Amit P. Mehta
United States District Judge